IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JAIME LLARENAS,

    Plaintiff,

    v.

JACOBS TECHNOLOGY, INC., *et al*,

    Defendants.

Case No. 4:24-cv-61

## OPINION AND ORDER

Before the Court is Plaintiff Jaime Llarenas's Motion to Remand this case to the Circuit Court for the City of Hampton. ECF No. 7. The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing on the motions. *See* Fed. R. Civ. P. 78(b); E.D. Va. Civ. R. 7(J). For the reasons stated below, the motion will be **GRANTED**.

### I. BACKGROUND

On March 11, 2024, the plaintiff filed a Complaint in the Circuit Court for the City of Hampton, Virginia against six defendants. ECF No. 1-1. On April 15, 2024, Defendants Jacobs Technology, Inc ("Jacobs Technology"); Robert Rice; and Thomas Watkins removed the case to this Court. ECF No. 1. The Notice of Removal alleges that (i) the amount in controversy exceeds $75,000, *id.* ¶ 7; (ii) Jacobs Technology is a citizen of Tennessee, *id.* ¶ 9; *see Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010); (iii) the plaintiff and the four individual defendants are citizens of Virginia, *id.* ¶¶ 8, 11–13; and (iv) Defendant Jacobs is a "fictitious entity[] incapable of being sued," *id.* ¶ 14.

The Notice of Removal further alleges that the individual defendants and Jacobs were fraudulently joined in the state-court action and should be dismissed, leaving the case subject to this Court's diversity jurisdiction. *Id.* ¶ 15. On May 8, 2024, the plaintiff filed a motion to remand the case to state court, disputing the allegation of fraudulent joinder. ECF Nos. 7 (motion), 8 (memorandum).

This personal injury action alleges negligence against both Jacobs Technology and the individual defendants, who are all employees of Jacobs Technology. ECF No. 1-1. The plaintiff asserts that while the defendants were working to "install sound panels," which included "removing," "altering," and "replacing" objects on walls and newly installed sound paneling, the defendants "removed and failed to secure a metal mechanism." *Id.* ¶¶ 7, 9. The mechanism, a "door sensor," was left "hanging by its metal conduit." *Id.* ¶ 10. The sensor fell "from the top of the door" and hit the plaintiff in the head, causing injury. *Id.* ¶¶ 13, 15.

## II. LEGAL STANDARD

"The party seeking removal bears the burden of showing removal is proper." *Mayor and City Council of Balt. v. BP P.L.C.*, 31 F.4th 178, 197 (4th Cir. 2022) (citation omitted). Removal jurisdiction must be strictly construed, as it "raises significant federalism concerns." *Id.* Thus, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chem. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted).

The fraudulent joinder doctrine functions as an exception to the complete diversity of citizenship requirement. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.

1999). Under the doctrine, a district court is permitted to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* (citation omitted).

To establish fraudulent joinder, the party seeking removal must show either "outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quotation marks and citation omitted). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). In making its determination, the Court is not confined to the allegations of the pleadings "but may instead consider the entire record, and determine the basis of joinder by any means available." *Mayes*, 198 F.3d at 464 (citation and quotation marks omitted).

## III.   ANALYSIS

The defendants do not attempt to argue that there is any outright fraud in the plaintiff's pleading of jurisdictional facts. *See generally* ECF No. 11. Rather, they oppose the plaintiff's motion to remand under the theory that "there is no possibility" of supporting the claims against nondiverse defendants Rice, Watkins, and Chambers. *Id.* at 2. They argue first that the underlying allegations are "omissions . . . insufficient to support a claim against an individual employee in

3

Virginia," *id.*, and second that the allegations against the individual defendants are too "vague" to support a negligence claim, *id.* at 7. Both arguments fail.

### A. The Plaintiff Alleges Affirmative Actions Sufficient to Establish a Personal Liability Claim Under Virginia Law.

Where, as here, the plaintiff alleges tort liability of an employee under Virginia law, whether the defendants owe a duty to the plaintiff, and thus whether there exists any possibility of establishing a claim, depends on whether the alleged act is misfeasance or nonfeasance. *See Tingler v. Graystone Homes, Inc.*, 834 S.E.2d 244, 256 (Va. 2019) (distinguishing between misfeasance and nonfeasance in the imposition of a duty). "An employee may be liable for his own misfeasance (i.e., performance of an affirmative act done improperly), but not for his own nonfeasance (i.e., omission to do some act which ought to be performed)." *Harris v. Morrison, Inc.*, No. LU–4504, 1993 WL 13029825, at *1 (Va. Cir. 1993) (citing *Miller v. Quarles*, 410 S.E.2d 639 (Va. 1991) and *Turner v. Corneal*, 159 S.E. 72 (Va. 1931)). "[A] plaintiff who alleges only an employee's failure to detect, remove, or warn of a danger has failed to state a claim of misfeasance for which the employee may be personally liable." *Hall v. Walters*, No. 3:13-cv-210, 2013 WL 3458256, at *4 (E.D. Va. July 9, 2013) (citing *Harris*, 1993 WL 13029825, at *1 for factual illustration).

The plaintiff alleges the individual defendants owed a duty of care to "avoid creating hazardous conditions," which they breached by partially detaching the door sensor. ECF No. 1-1 ¶¶ 14–16. By alleging that the defendants "removed and failed to safely secure a metal mechanism," rendering it in a "hazardous" state without which the plaintiff's injuries would not have been sustained, ECF No. 1-1 at ¶¶ 9, 16,

4

the plaintiff has stated a claim upon which he can establish the individual defendants' liability.[1] Central to the plaintiff's complaint is that the individual defendants removed the metal mechanism, so that rather than being firmly secured to the doorframe, it was "hanging by its metal conduit [] fixed to the wall above the door." *Id.* at ¶ 10. These allegations assert that the hazardous condition resulted from the defendants' choice to act—*i.e.*, to hang something. The plaintiff thus complains of affirmative actions, not omissions.

The plaintiff alleges that the defendants (1) "act[ed] together" to install the sound panels, during which they (2) disconnected the door sensor from its fully fastened position and (3) "left it hanging . . . over or atop the door." ECF No. 1-1 at ¶¶ 7, 9–10. Further, in choosing to leave the door sensor unsecured, the plaintiff alleges that the defendants "knew or should have known about the hazardous condition they created." *Id.* ¶ 11. The defendants, in other words, are alleged to have "affirmatively performed some act[s] improperly." *Hall v. Walters*, No. 3:13-cv-210, 2013 WL 3458256, at *4 (E.D. Va. July 9, 2013) (citation omitted). The alleged improper performance produced danger in waiting. And an allegation that the defendants "actually caused the dangerous condition" is a "claim of misfeasance sufficient for the possibility of liability." *Freeman v. Curtis Bay Medical Waste Services, LLC*, No. 3:18-cv-437, 2019 WL 210396, at *4 (E.D. Va. Jan. 15, 2019) (citation omitted).

---

[1] The plaintiff also alleges a theory of *res ipsa loquitur* against Jacobs Technology. ECF No. 1-1 ¶ 16. Because Jacobs Technology is diverse, the Court need not analyze that claim. *Id.* ¶ 9.

5

The defendants mistakenly liken the facts of this case to *Logan v. Boddie-Noell Enters., Inc.*, 834 F. Supp. 2d 484 (W.D. Va. 2011). ECF No. 11 at 5–6. There the plaintiff sued a restaurant and its employee for injuries resulting from a "slip and fall." ECF No. 11 at 5 (citing *Logan*, 834 F. Supp. 2d at 485). The defendant in that case was responsible for "clearing the restaurant entrance area of snow and ice and of overseeing the dining area." *Logan*, 834 F. Supp. 2d at 485. Because the defendant "allowed water to accumulate" on the dining room floor and did not post signs to warn customers, the plaintiff argued that the defendant "fail[ed] to maintain the premises in a reasonably safe condition." *Id*. According to the plaintiff in *Logan*, the employee's affirmative, negligent acts caused her to slip and injure herself. *Id*.

The *Logan* court found that "[n]o affirmative aspect of [the employee's] undertaking to clear the sidewalk caused water to accumulate on the restaurant floor." *Logan,* 834 F. Supp. 2d at 490. There was "no evidence that the occurrence of those acts in and of themselves caused [the p]laintiff's injury." *Id*. Ultimately, the restaurant employee could have "clear[ed] the sidewalk with greater frequency or deploy[ed] a greater quantity of snow melt," which "might possibly have prevented the plaintiff's accident," but "even if [the employee] negligently performed her duties, she did so only to the extent that she failed to take certain necessary precautionary measures." *Id*. These failures constituted "mere omissions that cannot serve as a basis for holding an employee liable." *Id*. at 491.

Here, the defendants' alleged "fail[ure] to secure" the mechanism is not analogous to the restaurant employee's "fail[ure] to take certain necessary

6

*precautionary* measures." ECF No. 11 at 6; *Logan*, 834 F. Supp. 2d at 490 (emphasis added). In *Logan*, "[n]o affirmative aspect of [the employee's] undertaking" caused the hazardous condition to exist, namely water accumulating on the floor. *Logan*, 834 F. Supp. 2d at 490. As alleged here, the defendants' affirmative choice to detach the door sensor from the doorframe created a hazardous condition out of a nonhazardous one.[2]

In sum, the defendants' actions as alleged "cannot accurately be characterized as mere knowledge coupled with failure to warn or remedy." *Ross v. Lee*, No. 3:15-cv-566, 2016 WL 521529, at *4 (E.D. Va. Feb. 5, 2016). Rather than "merely creat[ing] a situation where an intervening force . . . might foreseeably create a hazard," the defendants allegedly "directly created the hazard" themselves. *Id.* at *6 (emphasis omitted).

For these reasons, the plaintiff has sufficiently alleged affirmative acts that directly created a hazardous condition causing his head injury. Such allegations constitute employee misfeasance, not nonfeasance, and give rise to a cognizable duty under Virginia state law.

---

[2] Perhaps the defendants could have failed to take necessary precautionary measures by *failing to warn* of the dislocated door sensor. That might be analogous to the *Logan* employee's "failure to place warning cones in the restaurant." *Logan*, 834 F. Supp. 2d at 491. But even then, the present case would allege an affirmative act where *Logan* did not, because here, no precautionary warning measures would have been necessary were it not for the defendants' prior alleged negligence in dislocating the door sensor without fully resecuring it.

7

### B. The Complaint Is Not Too Vague to State a Claim.

The defendants assert that the pleadings are "intentionally vague," leaving it "unclear who allegedly did what, when[,] and how . . . . But the answer is simple." ECF No. 11 at 7. Indeed, the answer *is* simple: this Court need not answer those questions at this juncture. Given that "a jurisdictional inquiry is not the appropriate stage of litigation to resolve . . . various uncertain questions of law and fact," *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999), the Court need only analyze the allegations on their face. Whether the defendants "had no memory of . . . removing a metal mechanism," or "did not remove the metal mechanism," or "insisted any removal of the metal mechanism would be handled by" a non-JTI employee are questions best left to a factfinder. ECF No. 11 at 6–7. While this Court is free to look at the entire record, *AIDS Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990), its jurisdictional analysis does not require parsing the sworn testimony of the individual defendants.

Rather, it is enough that the plaintiff has plausibly alleged the defendants' misfeasance. While the Complaint could certainly provide more specificity, the Court does not share the defendants' concern as to "which employee allegedly acted in some negligent manner to injure Plaintiff," ECF No. 11 at 7, because each defendant was allegedly "acting together to install sound panels." ECF No. 1-1 at ¶ 7. The plaintiff alleges that each employee acted in concert with the others when "measuring and cutting the material, removing or altering fixtures on walls, installing the sound panel material onto the wall, and replacing the fixtures on the wall or sound panel

8

material." *Id.* The mere fact that the Complaint alleges the individual defendants acted together does not eliminate any "possibility" that the plaintiff could succeed against any individual defendant in state court. *Johnson v. American Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015).

Having resolved all issues of law and fact in the plaintiff's favor, the Court finds that the plaintiff asserts a "possibility" of a right to relief against the non-diverse defendants. *Johnson*, 781 F.3d at 704. Therefore, the Court will not dismiss the nondiverse defendants and assume jurisdiction over this case.

## IV. CONCLUSION

Accordingly, the plaintiff's Motion to Remand is **GRANTED**.

This matter is hereby **REMANDED** to the Circuit Court for the City of Hampton.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record and to the Circuit Court for the City of Hampton.

**IT IS SO ORDERED.**

/s/ 
Jamar K. Walker
United States District Judge

Newport News, Virginia
November 7, 2024